STATE *v.* J. L. MARSHALL NEWS CO.

[Cite as State v. J. L. Marshall News Co.,
13 Ohio Misc. 60.]

(No. 85986—Decided December 27, 1967.)

Court of Common Pleas of Hamilton County.

*Mr. Frederick J. Cartolano,* for plaintiff.
*Mr. Allen Brown,* for defendant.

BETTMAN, J.   Defendant herein was indicted and tried on a charge of unlawfully and knowingly having in its possession or under its control obscene, lewd and lascivious books to wit: "Killer Dike," "Beyond Lust" and "House of Perversion" contrary to Section 2905.34, Revised Code. The case was heard by the court sitting without a jury in October, 1965.   Decision was delayed by the court because of the great uncertainty in this field of law.

The court's anticipation that clarification would come was realized when the Supreme Court of the United States

handed down its decision in *Redrup* v. *New York* (1967), 87 Supreme Court 1414.

The evidence pertinent to this opinion was that defendant corporation is the largest distributor of paperback books and magazines in southwestern Ohio. It purchases from national distributors and then sells to retailers in this area. The police went to defendant's large one story warehouse building. According to them, the building was about four times the size of a courtroom and contained thousands of books with thousands of titles, either in boxes, on racks or on shelves. The police asked for the titles set out in the indictment and the manager went with them and assisted them in finding the paperbacks in question. There was no question raised that the books were held for sale.

At the trial and in the briefs filed by the prosecution and defense, issues of whether the defendant had the necessary knowledge of the obscenity of the books and whether the knowledge of one or another of the employees of the corporation could be imputed to the corporation were argued. The decision in *Redrup* makes it unnecessary for the court to consider those issues since the Supreme Court in its opinion severely limited the definition of obscenity which could be made unlawful without unconstitutional interference with freedom of speech and of the press.

*Redrup* and its companion cases dealt with sales of paperback books and magazines entitled "Lust Pool," "Shame Agent," "High Heels," "Spree" and similar titles. As far as can be ascertained the material there dealt with was substantially the same type of cheap tawdry sexy material as we have here and as was dealt with by the Supreme Court in the dozen or so cases in which convictions were subsequently reversed on the basis of *Redrup*.

The court, in its per curiam opinion, declared that the standard by which to determine proscribable obscenity— that is, obscenity not protected by the First and Fourteenth Amendments—which had been used by various members of the court in prior cases was "not dissimilar" to the standard used by Mr. Justice Stewart in his dissent in *Ginsberg* v. *United States* (1966), 383 U. S. 463, 499, 86

S. Ct. 942, 956. In *Ginsberg*, Mr. Justice Stewart held that hard core pornography, which he defined in a footnote, is the only material which the Government may constitutionally suppress. By absorbing Mr. Justice Stewart's limitation into its previous definitions of constitutionally proscribable obscenity, the court has made clear that it is determined to close once and for all the Pandora's box it opened in *Roth* which required all the courts in the country to act as constitutional literary censors.

Redrup holds that except under laws dealing specifically with juveniles, the state may not constitutionally proscribe any material other than hard core pornography as described by Mr. Justice Stewart in *Ginsberg*. The only exceptions would be where there is evidence that the defendant was pandering—that is, making his principal business the exploiting or pushing of "obscenity" or where there was evidence of "an assault upon individual privacy by publication in a manner so obtrusive as to make it impossible for an unwilling individual to avoid exposure to it." Under such a test, any ordinary book or magazine seller, whether wholesale or retail, is constitutionally protected against prosecution for material, other than hard core pornography, carried in the usual course of business.

For those who will sincerely lament that the law has arrived at this inevitable conclusion, it must be reiterated that in a democratic society, except in the prohibition of clearly definable acts of aggression by one member of society against another, the law cannot enforce morality, however desirable such an aim might be. The burden of teaching man to choose the good and reject the evil must rest as it traditionally has on the family, the school and the church. It cannot be gainsaid that this is the only sound foundation.

Entry should accordingly be presented dismissing the indictment.